```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KELVIN FORD, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-4932 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

   This matter is before the Court on Petitioner's motion pursuant to Federal Rules of Civil Procedure 54(b) and 59(e) to alter this Court's judgment denying his habeas corpus petition. [Docket Item 27.]  The Court finds as follows:

   1. A grand jury indicted Kelvin Ford on a four-count superseding indictment for two counts of bank robbery under 18 U.S.C. § 2113(a) (Counts 1 and 3), as well as two counts under 18 U.S.C. § 924(c)(1)(A) and (C) for knowingly and wilfully possessing and brandishing a firearm during the two robberies (Counts 2 and 4).  Originally, Count 1 of the superseding indictment included language about possession and brandishing of a firearm, but before trial, the Court granted Ford's motion to omit the language from the bank robbery counts which referred to the possession and brandishing of a firearm.  The provision of the federal bank robbery statute under which Ford was indicted subjects to criminal punishment "[w]hoever, by force and

violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property" belonging to any FDIC insured bank.  18 U.S.C. § 2113(a).  Federal law also provides for additional criminal punishment for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," and sets a seven-year minimum sentence if the firearm is brandished.  18 U.S.C. § 924(c)(1)(A)(ii).  Ford was convicted of all four counts on June 6, 2005, and his conviction was affirmed on February 6, 2007, and the Supreme Court declined to hear his appeal on October 1, 2007.

    2.  Ford filed a petition for writ of habeas corpus, making a number of interrelated arguments.  Most of the arguments addressed some aspect of the relationship between § 924(c) and § 2113(a).  Among other things, Ford noted that after his amendment of the indictment was granted, the Government continued to introduce evidence that he possessed and brandished a firearm during the robberies, and Ford argues that this conduct was improper since that evidence was no longer necessary to prove the bank robbery counts.  The Court denied Ford's petition, and he now asks the Court to reconsider that judgment.

    3.  In the District of New Jersey, motions to reconsider a judgment pursuant to Federal Rule of Civil Procedure 59(e) are

2

determined according to Local Civil Rule 7.1(i).  See Byrne v. Clastro, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). Petitioner's citation to Federal Rule of Civil Procedure 54(b) is not in support of a separate basis for his motion, but rather to support his argument that the Court erred by denying the entire petition without resolving all of the arguments he raised.  The question is therefore solely whether relief is warranted under Local Civil Rule 7.1(i).  Absent a change in the law or availability of new evidence (neither of which Plaintiff alleges), to prevail on a motion for reconsideration the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted).  Here, Petitioner argues that the Court overlooked some of his claims supporting habeas relief, but as explained below, the Court did not overlook any claim that Petitioner raised.

    4.  First, Petitioner claims that the Court overlooked his argument that his attorney improperly failed to object to the introduction and discussion of the firearm evidence, and to the inclusion of firearm language in the jury instructions. Petitioner's argument was that by presenting evidence of his use of a firearm and including instructions about his knowing and wilful use of a firearm, which were unnecessary for his

conviction under § 2113(a), the Government improperly constructively amended the indictment. (Petitioner's Br. 33.) The Court addressed the question of whether Petitioner's counsel could have objected to the introduction of the firearm evidence on the basis that it went beyond what was necessary to prove the § 2113(a) counts or that it constitutes Rule 404(b) evidence, and addressed whether the jury charges were improper. The firearm evidence was highly probative of the essential element of use of force under § 2113(a). The Court held that "Evidence of use of a firearm to effect the bank robbery was . . . intrinsic to the bank robbery charge. Therefore, there was no potential for a meritorious Rule 404(b) challenge." Ford v. United States, Civil No. 08-4932 (JBS), 2011 WL 705607, at *6 (D.N.J. Feb. 18, 2011). And as to the "knowingly and wilfully" language in the jury charge and the possibility of the indictment containing superfluous facts, the Court held that "so long as the conduct required to prove a violation of 2113(a) is ultimately proven — as it is when knowing violence or intimidation is shown — then the inclusion of superfluous facts in the indictment or jury charge does not harm the criminal defendant." Ford, 2011 WL 705607, at *3. As the Court explained, Petitioner is simply mistaken in believing that the Government was not permitted to put on evidence and argue that he committed an armed robbery, even though his being armed was unnecessary to prove a violation

of § 2113(a).

5. Second, Petitioner claims the Court overlooked his claim that his attorney improperly failed to object to a misapplication of U.S.S.G §2K2.4(b) (the sentencing guideline for convictions under § 924(c)). But this was not presented (and could not have been presented) as an independent ground for relief; it was presented only as a logical corollary of Petitioner's argument that his conviction under § 924(c)(1)(a)(ii) was unconstitutional. When the Court held that his arguments as to § 924(c) were meritless, it became unnecessary to address the various improper consequences of the allegedly faulty § 924(c) conviction.

6. Third, Petitioner claims the Court overlooked his claim that the Government "incorporated" U.S.S.G. §2B3.1, a sentencing enhancement for brandishing or possessing a firearm during a robbery, into its construction of § 2113. The only reference to §2B3.1 in Petitioner's Memorandum supporting his habeas petition was his argument that "the only valid firearm enhancement applicable to his sentence by a preponderance of the evidence standard pursuant to the U.S.S.G. was under the Special Offense Characteristics (S.O.C.) U.S.S.G. §2B3.1(c)." (Petitioner's Br. 53.) The Court addressed at length Petitioner's concerns that the government improperly presented firearm evidence even though it was unnecessary to prove a § 2113(a) charge. <u>Ford</u>, 2011 WL

705607, at *3-6. If this argument that Petitioner claims the Court overlooked is separate from that claim, then the Court does not understand what the argument is even now. It was not clearly made in the original petition and has not been made now, either.

7. Fourth, Petitioner claims the Court overlooked his claim that the "during and in relation to" element of 18 U.S.C. §924(c)(1)(A)(ii) was not satisfied. Petitioner did not argue that the jury did not or could not find that he use a firearm "during and in relation to" the bank robberies he committed. Jury Instruction No. 33 leaves no doubt about what the jury actually found. [Criminal Action No. 04-562, Docket Item 50.] Rather, Petitioner's argument was that this proof was unnecessary for conviction under § 2113(a), and therefore § 2113(a) was not a proper predicate crime for §924(c)(1)(A)(ii). The Court addressed that latter argument in full, holding:

> Petitioner argues that this firearm enhancement statute requires the predicate crime to have as an element the use of a firearm, and the government improperly inserted such an element with surplus language. But it is not true that the predicate crime must have as an element the use of a firearm. The underlying crime need only be a "crime of violence." § 924(c)(3). It is true that the government must separately prove that the firearm is used in the way specified by § 924(c), but there is no requirement that this use be part of the elements of the predicate crime.

6

Ford v. United States, Civil No. 08-4932 (JBS), 2011 WL 705607, at *4 (D.N.J. Feb. 18, 2011).

   8.   Finally, Petitioner claims the Court overlooked his claim that "incorporation of U.S.S.G. §2B3.1 into Title 18 U.S.C. §2113(a) deprive[d] the court of subject matter jurisdiction for a §924(c)(1)(A)(ii) prosecution."  (Mot. for Recon. at 5.)  As pointed out above, Petitioner made no reference to §2B3.1 in his petition or the memorandum supporting it except for noting that application of §2B3.1(c) to him was legitimate.  If he intended to make some other argument about misuse of §2B3.1 beyond his general arguments about the impropriety of submitting evidence to satisfy §924(c)(1)(A)(ii) that was not required to prove §2113(a), then the Court does not understand what the argument is even now.  And, in any case, such an additional argument was not made with sufficient clarity anywhere in his Petition or supporting memorandum.

   9.   Because the Court did not overlook any of Petitioner's claims, the accompanying Order denying the motion will be entered.


**May 26, 2011**                              **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge

7