```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KELVIN FORD, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-4932 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, Chief Judge:

   This matter is before the Court on Petitioner Kelvin Ford's motion for relief from a judgment, filed pursuant to Fed. R. Civ. P. 60(b). [Docket Item 36.] Petitioner is a federal prisoner who seeks to challenge this Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 [Docket Item 26], as well as this Court's denial of Petitioner's motions to alter the denial of his habeas corpus petition, brought under Rules 54(b) and 59(e). [Docket Item 28.] Petitioner, pro se, raises six claims, which he asserts should void this Court's judgments, pursuant to four or more separate subsections of Rule 60(b). [Docket Item 36 at 7.] His six claims are:

   (A) The Research And Preparation Stage of My 2255 Petition Was Impeded Due To The Untimeliness Of The Receipt Of My Case File; (B) A Failure To Liberally Construe My Claims; (C) A Failure To Answer and Fully Adjudicate All Claims; (D) My "Motion For Leave To Clarify Claims" In The Court of Appeals Should Have Been Construed As A 60(b) Motion; (E) My 59(e) Motion Should Have Been Construed As A 60(b) Motion to Complete The Record And Clear Any And All Discrepancies

>    And Ambiguities; and (F) Misrepresentation and
>    Prosecutorial Misconduct."

[Id.] Because none of Petitioner's claims provide a possible basis for relief under Rule 60(b), the motion will be denied.

The Court finds as follows:

1.  As the Court recounted in its Memorandum Opinion of May 26, 2011 [Docket Item 28], a grand jury indicted Kelvin Ford on a four-count superseding indictment for two counts of bank robbery under 18 U.S.C. § 2113(a) (Counts 1 and 3), as well as two counts under 18 U.S.C. § 924(c)(1)(A) and (C) for knowingly and wilfully possessing and brandishing a firearm during the two robberies (Counts 2 and 4). Originally, Count 1 of the superseding indictment included language about possession and brandishing of a firearm, but before trial, the Court granted Petitioner's motion to omit the language from the bank robbery counts which referred to the possession and brandishing of a firearm. The provision of the federal bank robbery statute under which Petitioner was indicted subjects to criminal punishment "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property" belonging to any FDIC insured bank. 18 U.S.C. § 2113(a). Federal law also provides for additional criminal punishment for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such

2

crime, possesses a firearm," and sets a seven-year minimum sentence if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner was convicted of all four counts on June 6, 2005, and his conviction was affirmed on February 6, 2007, and the Supreme Court declined to hear his appeal on October 1, 2007.

    2. Petitioner filed a petition for writ of habeas corpus, making a number of interrelated arguments. [Docket Item 1.] Most of the arguments addressed some aspect of the relationship between § 924(c) and § 2113(a). Among other things, Petitioner noted that after his amendment of the indictment was granted, the government continued to introduce evidence that he possessed and brandished a firearm during the robberies, and Petitioner argued that this conduct was improper since that evidence was no longer necessary to prove the bank robbery counts. The Court denied Petitioner's petition. [Docket Item 26.] Petitioner then filed a motion to alter, amend or void judgment under Rules 54(b) and 59(e) [Docket Item 27], which was denied. [Docket Item 29.]

    4. Petitioner sought leave to file an untimely motion for relief from judgment under Rule 60(b), which was docketed on Petitioner's criminal docket No. 04-0562 [Docket Item 92.] The Court granted Petitioner's motion to equitably toll the one-year time limit on filing a motion pursuant to Rule 60(b)(1)-(3). [Docket Item 38.] Petitioner filed this motion for relief under

Rule 60(b) on May 22, 2012. [Docket Item 36.]

    5. Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been re-versed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Petitioner brings his claims under subsections (1), (3), (4), (6), "or any relevant subsection of entitlement." [Docket Item 36 at 1.] Because Petitioner does not specify which claims apply to each subsection, the Court will consider each of Petitioner's claims under each subsection of Rule 60(b).

    6. As an initial matter, the Court agrees with Petitioner that his claims only potentially implicate subsections (1), (3), (4) and (6) of Rule 60(b). Because Petitioner does not base any of his arguments on newly discovered evidence, the Court cannot grant relief under Rule 60(b)(2). Likewise, because Petitioner does not argue that the judgment has been satisfied, released or discharged, nor that the judgment is based on an earlier judgment

4

that has been reversed or vacated, nor that applying the judgment prospectively is no longer equitable, the Court cannot provide relief under Rule 60(b)(5).

7. Several of Petitioner's claims relate to alleged mistakes of this Court and the Court reads these claims as potentially implicating Rule 60(b)(1).[1] However, all of these alleged "mistakes" are alleged mistakes of law, and the Third Circuit has held that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

8. Even if the Court could remedy these alleged mistakes of law, the Court disagrees with Petitioner that the Court erred. Regarding Petitioner's claim that he is being penalized for not articulating improper conduct with clarity and for not citing the Sentencing Guideline Provision Code correctly, [Docket Item 36 at 13] the Court has explained why Petitioner's sentencing was proper. [Docket Item 28 at 5; Docket Item 25 at 10-14.] More articulate arguments or citations by Petitioner would not have made a difference in deciding those claims. Petitioner makes

---

[1] Petitioner raises four claims that could be viewed as "mistakes" of this Court: (1) that the court failed to liberally construe claims, (2) that the court failed to answer and fully adjudicate all claims, (3) that the motion for leave to clarify claims should have been construed as a 60(b) motion by the Court of Appeals, and (4) that Petitioner's Rule 59(e) motion should have been construed as a 60(b) motion.

5

three other arguments related to convictions under § 924(c): that the Court ignored his argument that the jury could not find that he used a firearm [Docket Item 36 at 13, 15], that the Court failed to address the constitutionality of § 924(c) as a sentencing challenge [id. at 17, 19], and that the court failed to address an ineffective assistance of counsel argument for failing to challenge the jury instructions on the firearms charges. [Id. at 15, 17.] In two previous opinions, the Court has explained that these convictions were proper and why Petitioner's ineffective assistance claims related to these convictions are meritless. [Docket Item 28 at 5; Docket Item 25 at 7-18.] Petitioner further claims that the Court of Appeals for the Third Circuit erred by not construing his motion for leave to clarify claims raised in his § 2255 petition as a Rule 60(b) motion. [Docket Item 36 at 21.] This Court does not have the power to review decisions of the Court of Appeals. Finally, Petitioner argues that this Court should have construed his Rule 59(e) motion as a Rule 60(b) motion. [Docket Item 36 at 23.] In his Rule 59(e) motion, Petitioner argued that this Court overlooked several of his arguments relating to his convictions and to his allegedly ineffective counsel. [Docket Item 27 at 3-5.] The Court explained that none of his claims had been overlooked [Docket Item 28 at 7], however even if the Court had construed the motion as a Rule 60(b) motion, his claims would have been denied for the

reasons Petitioner's present claims about overlooked arguments must fail; no claims have been overlooked.

9. Petitioner's claim that his research and preparation were impeded by the delay in receiving his case file arguably sounds in "excusable neglect" and also potentially implicates Rule 60(b)(1). "Excusable neglect" is an equitable standard, and the Court may consider, among other things, "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). See also George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004). In this case, none of Petitioner's previous claims raised before this Court were denied due to a lack of research or preparation. The Court reads Petitioner's motion to argue that his lack of familiarity with the law contributed to this Court's denial of relief and more time would have allowed Petitioner to express his claims more clearly and sufficiently. Even if that were true, "ignorance of the law and carelessness in its application are not sufficient grounds" for relief under Rule 60(b). Brandl v. ACE USA, No. 10-3512, 2011 WL 442156, at *1 n.1 (E.D. Pa. Feb. 7, 2011). See also Lee v. Toyota Motor Sales, U.S.A., Inc., No. 96-2337, 1997 WL 256976, at *3 (E.D. Pa. May 16, 1997). This Court

recognizes the difficulty facing pro se litigants. These special needs of pro se Petitioner were specifically accommodated in this case by entry of the order under United States v. Miller on October 15, 2008, which gave Petitioner even more time to finalize his petition by adding or clarifying grounds. This Court also has permitted Petitioner to amend and clarify his filings and to file a motion out of time. [Docket Item 5; Docket Item 17; Docket Item 38.] Petitioner thus was permitted to file an Amended Petition on January 26, 2009 [Docket Item 8] and to supplement the record in 2009 [Docket Items 11 & 12], all before his petition was deemed complete. As a result, the Court declines to grant relief on any of Petitioner's claims under the equitable standard of "excusable neglect" under Rule 60(b)(1).

10. One of Petitioner's claims potentially implicates Rule 60(b)(3). Petitioner argues that the government committed prosecutorial misconduct in his criminal trial by pursuing additional convictions under 18 U.S.C. § 924(c) for knowingly and wilfully possessing and brandishing a firearm during the two robberies. As mentioned above, and for the reasons explained in both its memorandum opinion dated May 26, 2011 [Docket Item 28 at 4-5], and its opinion dated Feb. 18, 2011 [Docket Item 25 at 14-15], Petitioner is mistaken as to the impermissibility of seeking convictions under § 924(c) in his case. The Court will not repeat its analysis here. The charges were prosecuted legitimately and

the convictions obtained legitimately. It is not misconduct to defend a valid legal position and pursue valid criminal charges, and thus no relief can be granted under Rule 60(b)(3).

    11. None of Petitioner's claims qualify for relief under Rule 60(b)(4). That subsection is designed to correct jurisdictional errors, or violations of due process, which deprive petitioners of notice or the opportunity to be heard. See United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.") Regarding the delay in receiving his case file, Petitioner has not sufficiently articulated a due process violation, nor can this Court identify one. Petitioner, who is intelligent and capable, had ample opportunity to raise all claims under § 2255, and each issue was heard and decided. Petitioner has not been denied an opportunity to be heard. All of Petitioner's claims have been considered, and their viability refuted, in opinions by this Court.

    12. Finally, the Court considers whether Petitioner's claims qualify for relief under Rule 60(b)(6), the catchall provision to vacate a judgment for "any other reason that justifies relief." A party seeking relief under subsection (6) must demonstrate the existence of "extraordinary circumstances." Budget Blinds, Inc.

v. White, 536 F.3d 244, 251 (3d Cir. 2008). See also Brown v. United States, No. 10-2784, 2012 WL 2132449, at *3 (D.N.J. June 12, 2012). In this case, the interests of justice do not permit the Court to invoke the extraordinary remedy of Rule 60(b)(6), because all of Petitioner's claims arguably invoke other subsections of Rule 60(b) and Rule 60(b)(6) only applies when the reason for granting relief is not covered by any other subsection of Rule 60(b). See Amorosi v. Molino, No. 06-5524, 2010 WL 3058450, at *1 (E.D. Pa. Aug. 2, 2010) (stating that Rule 60(b)(6) "allows this court to 'relieve a party . . . from a final judgment, order or proceeding for . . . any . . . reason that justifies relief' and that is not covered by other section of Fed. R. Civ. P. 60(b)"). Even if the Court could consider the claims under Rule 60(b)(6), for the reasons stated above, none of Petitioner's claims have merit because this Court did not fail to consider or adjudicate Petitioner's claims, this Court did not err in construing Petitioner's claims, the delay in receiving his case file did not prejudice Petitioner, and the government did not commit prosecutorial misconduct. Petitioner has not presented this Court with facts or arguments that constitute extraordinary circumstances under Rule 60(b)(6).

13. For the foregoing reasons, the accompanying Order denying the motion will be entered.

**September 24, 2012**             **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                            Chief U.S. District Judge